IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LATARSHA CHERRY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. RDB-18-3054 |
| ONE STOP AUTO PARTS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Latarsha Cherry and Albert Brown ("Plaintiffs"), filed this purported class action lawsuit in the Circuit Court for Baltimore City, Maryland, against One Stop Auto Parts, Inc. ("One Stop"), Ferdinand F. Greeff ("Greeff"), and Schrier, Tolin & Wagman, LLC ("STW") (collectively, "Defendants"), for damages and injunctive relief related to unlicensed lending and other actions in violation of consumer protection laws. (Compl. ¶ 1, ECF No. 1-1.) Defendants timely removed the case to this Court on October 4, 2018, asserting that Plaintiffs' legal theory related to excessive "interest" is premised on a federal statute, the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (Removal ¶¶ 5-6, 14-15, ECF No. 1.)

Pending before this Court is Plaintiff's [sic] Motion to Remand the Case to the Circuit Court for Baltimore City. (ECF No. 3.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). Plaintiffs also seek sanctions for improper removal, including costs and attorneys' fees under 28 U.S.C. § 1447(c). (*Id.*) For the reasons that follow, this Court shall GRANT Plaintiffs' request to remand this case to the

Circuit Court for Baltimore City, Maryland, but shall DENY Plaintiffs' request for sanctions, costs, and attorneys' fees.

## BACKGROUND

The facts contained herein are taken largely from Plaintiffs' Complaint and are viewed in the Plaintiffs' favor in light of the Defendants' removal of this action from state court. One Stop is an automobile repair shop located in Baltimore, Maryland that primarily served economically-depressed customers in east and west Baltimore. (Compl. ¶ 3, ECF No. 1-1.) Defendant Ferdinand Greeff is the owner, and Defendant Schrier, Tolin & Wagman, LLC ("STW") is One Stop's legal counsel. (*Id.* at ¶¶ 2, 9-10.)

One Stop extended loans to its customers to facilitate financing the repairs it performed. (*Id.* at ¶ 4.) Plaintiffs allege that the loans had hidden and onerous financing terms with usurious interest rates. (*Id.*) Plaintiffs also allege that One Stop never held the required licensing for acting as a lender. (*Id.* at ¶¶ 4, 15-17.) One Stop, through its counsel STW, takes aggressive collection efforts to collect on the loans that One Stop issued and has filed hundreds of collection lawsuits against its former customers. (*Id.* at ¶¶ 5, 8, 10, 23.)

Plaintiffs purport to represent a class of "[a]ll Maryland consumers who, since August 3, 2012, entered into a Retail Installment Contract with One Stop." (*Id.* at ¶ 38.) They also purport to represent a subclass of class members "who had judgments entered against them and in favor of One Stop based on the Retail Installment Contract with One Stop that was entered into since August 3, 2012." (*Id.*) Plaintiffs filed their Complaint in the Circuit Court for Baltimore City, Maryland on July 17, 2018, alleging six causes of action:

2

- Count One: Declaratory Judgment to Subclass, under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro. § 3-406.

- Count Two: Usury – Defendants One Stop and Greeff. Md. Code Ann., Com. Law § 12-103, 12-105(c)(3).

- Count Three: CLEC[1] (as to Defendants One Stop and Greeff only). In the alternative. (Compl. ¶ 64, ECF No. 1-1.) Md. Code Ann., Com. Law § 12-1008(b),(d). CLEC requires applicable disclosures under the federal Truth in Lending Act and its regulations. Md. Code Ann., Com. Law § 12-1014(b). (Compl. ¶ 68, ECF No. 1-1.)

- Count Four: Maryland Consumer Debt Collection Act. Md. Code Ann., Com. Law § 14-201(b),(c); 14-202(8).

- Count Five: Maryland Consumer Protection Act (as to Defendants One Stop and Greeff only). Md. Code Ann., Com. Law § 13-101 *et seq.*

- Count Six: Unjust Enrichment.

Defendants removed the case to this Court on October 4, 2018, asserting that the case arises under federal law, and Plaintiffs promptly responded on October 8, 2018 with the instant motion to remand. (Removal ¶¶ 5-6, 14-15, ECF No. 1; Mot., ECF No. 3.) Defendant STW then filed a Motion to Dismiss to Compel Arbitration on October 9, 2018 based on the arbitration clause in the loan documents. (Mot. Dismiss, ECF No. 5.) On October 10, 2018, Defendants, One Stop and Greeff, filed a Motion to Dismiss or Stay Pending Arbitration. (ECF No. 7.) On October 18, 2018, this Court granted the Consent Motion Regarding Plaintiffs' Opposition to Defendants' Motion to Dismiss and to Compel Arbitration (ECF No. 10) (filed on October 17, 2018), deferring Plaintiffs' opposition until 14 days after a decision by this Court denying Plaintiffs' Motion to Remand.

---

[1] Maryland Closed End Credit Provisions (CLEC) contained at Title 12, Subtitle 10 of the Maryland Commercial Law Code. (Pls.' Mot. Mem. 4, ECF No. 3-1.)

As described below, this case does not present a set of circumstances so substantial as to create federal question jurisdiction and choosing to exercise jurisdiction in this case would disrupt Congress's intended balance between the federal and state courts. Therefore, this Court shall GRANT Plaintiffs' request to remand this case to the Circuit Court for Baltimore City, Maryland. However, because Defendants provided an objectively reasonable basis for seeking removal, this Court shall DENY Plaintiffs' request for sanctions, costs, and attorneys' fees. This Court does not reach the motions to dismiss because it lacks jurisdiction to do so.

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 841 (D. Md. 2016) (quoting *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997)); *see also Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) ("If federal jurisdiction is doubtful, a remand is necessary.").

## ANALYSIS

### I. Motion to Remand

Plaintiffs contend that this case was improperly removed and must be remanded because all parties are Maryland citizens, so there is no diversity jurisdiction, and all causes of action are based on State law, so there is no federal question jurisdiction. (Mot. 1, ECF No. 3.) Defendants argue that Plaintiffs' allegations of excessive interest are premised on the federal Truth in Lending Act ("TILA"), under which a "pre-penalty" is treated as "interest," and thus the resolution of most of the Plaintiffs' claims involve a substantial question of federal law. (Defs.' Resp. 1-2, ECF No. 12.)

The "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, courts "'ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)). A case can "arise under" federal law in one of two ways. *Virginia ex rel. Hunter Labs., L.L.C. v. Virginia*, 828 F.3d 281, 286 (4th Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). The more common is when a plaintiff's cause of action is itself created by federal law. *Id.* at 287. The second, narrower way of establishing federal jurisdiction is when it is conferred over a "special and small category of claims that originate in state rather than federal law." *Id.* (citations omitted). In such situations, "jurisdiction will only exist over a state-law claim if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

5

disrupting the federal-state balance approved by Congress." *Id.* (referring to the *Grable* test provided by the United States Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

In this case, Plaintiffs bring claims for declaratory judgment, usury, and unjust enrichment, under State law, as well as claims under the Maryland Credit Grantor Closed End Credit provisions ("CLEC"), the Maryland Consumer Debt Collection Act, and the Maryland Consumer Protection Act. The gravamen of their Complaint is that One Stop was an unlicensed lender whose Retail Installment Contract charged usurious interest charges—not quite usurious on its face, but usurious when computed with a complicated pre-penalty charge and excessive monthly late fees that were in violation of Maryland credit law.

Defendants' argument is focused on Count Three, under which Plaintiffs allege, in the alternative,[2] that One Stop and Greeff violated CLEC in several ways. Plaintiffs state that CLEC prohibits a creditor from imposing more than one late or delinquency charge for any single payment or portion of payment. (Compl. ¶ 66, ECF No. 1-1 (citing Md. Code Ann., Com. Law § 12-1008(b)).) If a creditor assesses charges not permitted by CLEC, those additional charges are considered interest. (*Id.* (citing Md. Code Ann., Com. Law § 12-1008(d)).) Plaintiffs add that CLEC also requires applicable disclosures under the federal Truth in Lending Act and its regulations. (*Id.* at ¶ 68 (citing Md. Code Ann., Com. Law § 12-1014(b)).) Plaintiffs allege that under the Truth in Lending Act, One Stop's pre-penalty charge

---

[2] Plaintiffs initially allege, in Count Two, that One Stop and Greeff are subject to Maryland's usury laws because One Stop was not licensed to engage in consumer lending or lending under CLEC. (Compl. ¶ 57, ECF No. 1-1.) In the alternative, under Count Three, Plaintiffs allege that "even if CLEC did apply, Defendants One Stop and Greeff are still liable . . . ." (*Id.* at ¶ 64.)

is considered a "hidden financing charge," which must be disclosed as interest and brings One Stop's loan interest rate beyond the permissible 24% limit. (*Id.* at ¶ 69.)

Defendants contend that Plaintiffs' overall theory of excessive interest therefore relies upon their interpretation of the Truth in Lending Act's requirement to include the hidden pre-penalty as interest. (Defs.' Resp. 2-3, ECF No. 12.) Defendants argue that without this fundamental interpretation that permeates the Complaint, Plaintiffs' usury claims fail. (*Id.* at 3-4.) As such, Defendants assert, it is a substantial part of the legal basis for Plaintiffs' claims, which are "tied directly to federal law, and [their] asserted basis in federal law is not 'insubstantial [or] frivolous.'" (*Id.* at 5 (quoting *Verizon Maryland, Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 364 (4th Cir. 2004) (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998))).

Plaintiffs, however, allege no violations of the Truth in Lending Act, nor do they seek any remedies under it. The specific allegations in Count Three that include a reference to the Truth in Lending Act make explicit reference to Md. Code Ann., Comm. Law § 12-1014(b), which states:

> Notwithstanding any provisions of this title, a loan under this subtitle is subject only to the disclosure requirements of this subtitle, and to the extent applicable, of the federal Truth in Lending Act and regulations promulgated thereunder."

Md. Code Ann. Comm. Law § 12-1014(b). Courts have found that alleging a violation of a state statute that incorporates the Truth in Lending Act does not create a substantial federal question. *See, e.g., Low v. Vantagesouth Bank*, Civil Action No. 4:13–cv–3396–BHH–TER, 2014 WL 8239419, at *6 (D.S.C. 2014) (citing *Finch v. Wisconsin Auto Title Loans, Inc.*, 586 F. Supp.

2d 1070 (E.D. Wis. 2008); and *Easterling v. Gulf Guar. Ins. Co.*, 60 F. Supp. 2d 586, 588 (S. D. Miss. 1999)); *see also Pena v. Town of Kearny*, Civil Action No. 13–06644 (SRC), 2014 WL 1666052, at *2 (D.N.J. 2014) ("Where a state law . . . incorporates a federal standard for reference purposes, it does not transform the state claim into a federal question sufficient to invoke § 1331(a).").

Even if Plaintiffs were to rely upon the Truth in Lending Act's requirement to include the hidden pre-penalty as interest to support their allegation of excessive interest, it is not the only theory upon which they would be relying. "[A] claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless the federal question is essential to each of those theories." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988). As Plaintiffs' note, CLEC provides its own analytical framework for determining that the pre-penalty must be considered interest, rather than a late fee. (Reply 5, ECF No. 13 (quoting Md. Code Ann. Comm. Law § 12-1008.) There is no need to rely solely upon how the Truth in Lending Act defines interest to support Plaintiffs' allegations of excessive interest. "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc).

Therefore, as pleaded, the issue of excessive interest does not raise a necessary or substantial federal question. Defendants may anticipate a defense related to the Truth in Lending Act, but that is an insufficient basis for invoking federal jurisdiction. *See Pinney*, 402 F.3d at 442 ("[A] defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331.").

8

Finally, courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon*, 369 F.3d at 816 (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In this case, each of Plaintiffs' six causes of action are based on Maryland law. Five of the six counts[3] are based on a Maryland statutory scheme designed to protect Maryland's citizens from the type of activities in which One Stop, a Maryland business, is alleged to have engaged. Maryland has a significant interest in enforcing its own lending regulations. *See Maryland Com'r of Fin. Reg. v. Western Sky Financial, LLC*, Civil No. WDQ–11–0735, 2011 WL 4894075, at *4 (D. Md. 2011) ("Maryland has a substantial interest in regulating loans to its citizens and providing a forum for the process. Because the government has a federal interest in only one element of the proceeding, federal interests do not 'predominate over state interests.'" (quoting *Rockville Harley–Davidson v. Harley-Davison Motor Co.*, 217 F. Supp. 2d 673, 677 (D. Md. 2002))).

Accordingly, this Court shall GRANT Plaintiffs' Motion to Remand this case back to the Circuit Court of Baltimore City, Maryland.

## II. Attorneys' Fees and Sanctions

A remand order may require the payment of attorneys' fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorneys' fees should only be awarded under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Whether to award costs and expenses is in this Court's

---

[3] The sixth count is based on the common law doctrine of unjust enrichment.

discretion, and there is no presumption either for or against such an award." *Cohn v. Charles*, 857 F. Supp. 2d 544, 549-550 (D. Md. 2012).

Although this Court concludes that remand is warranted, there is no basis to find that Defendants were objectively unreasonable in seeking removal. The Plaintiffs' references to the federal Truth in Lending Act provided a weak, but objectively reasonable basis for seeking removal. As this Court has explained, "a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 564 (D. Md. 2002); *Feldman's Medical Center Pharmacy, Inc. v. CareFirst Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013).

Accordingly, Plaintiffs' Motion is DENIED with respect to the request for attorneys' fees.

## CONCLUSION

For the foregoing reasons:

1. Plaintiff's [sic] Motion to Remand the Case to the Circuit Court for Baltimore City (ECF No. 3) is GRANTED IN PART and DENIED IN PART.

    a. The request to remand this case to the Circuit Court for Baltimore City, Maryland is GRANTED.

    b. The request for sanctions, including costs and attorneys' fees is DENIED.

2. Plaintiff's [sic] Motion to Expedite Briefing on their Motion to Remand (ECF No. 6) is DENIED AS MOOT.

3. The pending motions to dismiss (ECF Nos. 5, 7) are not reached insofar as this Court lacks jurisdiction to do so.

4. A separate order shall follow.

Dated: May 17, 2019.

_____
Richard D. Bennett
United States District Judge